Case 2:22-cv-00258 Document 30 Filed on 02/27/23 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK ANTHONY DISHMAN, JR., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00258 |
| COX, *et al.*, | § § | |
| Defendants. | § § | |

# AMENDED MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Mark Anthony Dishman, Jr. is an Aransas County, Texas pretrial detainee appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For the reasons set forth below the undersigned **WITHDRAWS** the December 15, 2022 Memorandum and Recommendation (D.E. 17) to retain this case and submits this Amended Memorandum and Recommendation to **DISMISS** all of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because his claims are frivolous and/or fail to state a claim on which relief may be granted. The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee at the Aransas County Detention Center in Rockport, Texas. He is in custody in connection with pending felony criminal charges. Plaintiff's claims in this lawsuit arise out of his allegations of being sexually assault by correctional officer Cox while Plaintiff was in pretrial custody.

On October 28, 2022, Plaintiff filed his original complaint. (D.E. 1). Plaintiff's application to proceed *in forma pauperis* was granted on November 7, 2022. (D.E. 7). Plaintiff generally alleges he was sexually assaulted by Officer Cox. He further alleges the other defendants did not properly respond to his grievances or otherwise take corrective action. Plaintiff does not indicate whether he sues defendants in their individual capacities, official capacities, or both. He seeks injunctive and monetary relief.

A *Spears*[2] hearing was conducted on December 14, 2022. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1): Plaintiff is a pretrial detainee at the Aransas County Detention Center. He is awaiting trial on a felony assault charge. On August 23, 2022, at approximately 9:00 p.m.,

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Plaintiff was in a cell shared with approximately eight other inmates. He was laying on his side on his lower bunk. Correctional officers entered the cell to conduct a search. Officer Cox approached Plaintiff and inserted his finger or fingers between the two muscular regions of Plaintiff's buttocks. In common parlance, Plaintiff alleges Officer Cox stuck his fingers between Plaintiff's butt cheeks making contact with his anus. Plaintiff testified this touching was not a tap or a poke but rather was a probing. Further, Plaintiff alleges this unwanted touching occurred to him personally on at least three other previous occasions. Plaintiff describes the touching as offensive but does not allege he suffered any physical injury. Plaintiff also alleges he has witnessed Officer Cox assault other inmates in a similar manner. Plaintiff alleges the offensive touching was not done in connection with a search of Plaintiff's body, clothing or personal belongings.

Plaintiff further alleges he has fully exhausted his administrative remedies and has filed multiple grievances. Plaintiff's claims against the remaining defendants relate to other officers not properly processing or responding to his grievances.

In a Memorandum and Recommendation entered on December 15, 2022, the undersigned recommended for purposes of screening that Plaintiff had stated Due Process claims of sexual assault against Officer Cox in his individual capacity and that all of his other claims should be dismissed. (D.E. 17).

On December 16, 2022, the undersigned ordered service. (D.E. 18). Officer Cox filed a Motion for Summary Judgment on January 30, 2023 (D.E. 25) and an Answer on February 7, 2023 (D.E. 29). In Defendant's Motion for Summary Judgment, Officer Cox attaches Aransas County Jail video surveillance footage of the incident in question. (D.E. 25-1; D.E.

25-2). The video footage clearly establishes that Plaintiff was not the victim of assault by Officer Cox or any other person. The video establishes that the August 23, 2022, search of Plaintiff's cell was done in a professional manner with no offensive touching against Plaintiff or any other person. Officer Cox also raised the defense of qualified immunity in his motion for summary judgment. Plaintiff did not file a response to Defendant's Motion For Summary Judgment.

## III. LEGAL STANDARD

### A. PLRA Screening

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Courts are directed to conduct screening of civil cases brought by prisoners "before docketing, if feasible or, in any event, as soon as practicable after docketing . . ." 28 U.S.C. §1915A(a). In the typical case, the undersigned enters a single screening memorandum and recommendation. However, the screening of *in forma pauperis* and inmate actions is an ongoing process. The *in forma pauperis* statute makes it clear that "the court **shall dismiss the case at any time** if the court determines that . . ." the allegation of poverty is untrue, or the actions is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2) (emphasis added). Additionally, the Prison Litigation Reform Act provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c).

In this instance, the correctness of the undersigned's initial screening Memorandum and Recommendation was raised by Defendant's Motion for Summary Judgment. (D.E. 25). In *George v. GO FRAC, LLC*, No. SA-15-CV-943, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016), the court recognized that it would be premature to grant summary judgment even before discovery has begun. The court further noted that the "Supreme Court has made clear that the granting of summary judgment is limited until there has been 'adequate time for discovery.'" *Id.* (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). The undersigned finds that ruling on a motion for summary judgment at this stage of the proceedings is premature.

However, in light of the new information presented to this Court at the very early stage of these proceedings, the undersigned conducts this additional screening and review on his own motion in accordance with the clear directives of the *in forma pauperis* statutes and the PLRA. Additionally, the Fifth Circuit has made it clear that once raised, the district courts should resolve qualified immunity at the earliest stages of the proceedings. *Carswell v. Camp*,

54 F.4th 307, 310 (5th Cir. 2022).  Doing so ensures agents of the government who are entitled to the privileges of qualified immunity receive those benefits and avoid the expense and burden of litigation.  *Id.*  In *Carswell*, the Fifth Circuit found the district court abused its discretion by deferring its ruling on qualified immunity.  *Id.* at 311.  Officer Cox has raised the issue of qualified immunity in his Motion for Summary Judgment.  The undersigned conducting this additional screening and review is consistent with the directives of the Fifth Circuit, the PLRA, and the *in forma pauperis* statutes.

    **B.**    **42 U.S.C. § 1983 Claims**

Section 1983 of Title 42 of the United States Code provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

Pretrial detainees have a constitutional right under the Due Process Clause to protection from harm during their confinement. *See Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008) (citing *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc)). The duty to protect pretrial detainees from harm under the Due Process Clause is the same as the one afforded to convicted prisoners under the Eighth Amendment.  *See Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth

Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including protection from harm, during their confinement.").

## IV. DISCUSSION

### A. Plaintiff's Allegations of Sexual Assault

Plaintiff claims that Officer Cox sexually assaulted him on multiple occasions by probing his anus with no penological reason. The Fifth Circuit has recognized that prisoners have a constitutional right to bodily privacy, but this right is "minimal at best." *Tuft v. Texas,* 410 F. App'x 770, 776 (5th Cir. 2011) (citing *Oliver v. Scott,* 276 F.3d 736, 745 (5th Cir. 2002)). As such, prisoners lose "those rights that are necessarily sacrificed to legitimate penological needs." *Id*. (citing *Elliott v. Lynn,* 38 F.3d 188, 190–91 (5th Cir. 1994)). However, sexual abuse of a prisoner by prison officials may violate the prisoner's right to be free of cruel and unusual punishment. *See Boddie v. Schnieder,* 105 F.3d 857, 860–61 (2d Cir. 1997).

Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective element and a subjective element. First, the sexual abuse or assault must be objectively, sufficiently serious; second, the prison officials involved must have a sufficiently culpable state of mind. *Id*. at 861. The sexual abuse must be "severe or repetitive" to rise to the level of an Eighth Amendment violation. *Id*. "A single incident of sexual abuse, if sufficiently severe or serious, may violate an inmate's Eighth Amendment rights no less than repetitive abusive conduct." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d 2015). The *Crawford* Court further held:

> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment.

*Id.*

As the undersigned previously stated, taken as true, Plaintiff's allegations state an Eighth Amendment sexual assault claim. Plaintiff alleges Officer Cox intentionally contacted Plaintiff's anus and buttocks with his fingers. Plaintiff alleged the touch was more than a tap or poke to get him out of bed. For purposes of screening, a plaintiff's allegations are usually accepted as true. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Moore v. Carwell,* 168 F.3d 234, 236 (5th Cir.1999)). However, the acceptance of a *pro se* inmate plaintiff's allegations as true for purposes of screening is not without appropriate limitations.

Plaintiff's claims may be dismissed if they are clearly baseless, fanciful, fantastic, or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 32 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The assessment of Plaintiff's factual allegations must be weighed in favor of plaintiff. *Id.* However, courts are not obligated to accept a party's version of events when clearly contradicted by video evidence. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding the lower court should have viewed facts in light of video evidence rather than the plaintiff's

allegations where the video so "utterly discredited" the plaintiff's allegations that "no reasonable jury could have believed him"). Courts are not obliged to accept factual allegations that are "blatantly contradicted" by video recordings of the incident. *Buehler v. Dear*, 27 F.4th 969, 979 (5th Cir. 2022) (internal quotations omitted).

The video evidence includes two surveillance videos. (D.E. 25-1 and D.E. 25-2). The video exhibits are supported by a business records affidavit for purposes of authentication. (D.E. 25-1, Pages 2-3).

The first video (D.E. 25-1), shows the events from the perspective of a camera inside the cell. The date of the incident, August 23, 2022, is marked in the lower right hand corner of the video with the running time starting at 8:43:45 p.m. (D.E. 25-1). At the beginning of the video, five inmates can be seen standing or sitting in the open area of the cell. One inmate is visible laying on a lower bunk bed, apparently asleep. At 8:49:50 p.m. two correctional officers enter the cell. (D.E. 25-1). At 8:50:08 p.m. a second officer enters the cell and immediately goes to the inmate sleeping on the bunk and taps the sleeping inmate in the midsection. (D.E. 25-1). This correctional officer has been identified as Defendant and the sleeping inmate has been identified as Plaintiff. (D.E. 25, Page 2). The tap was done in a non-violent, non-intrusive manner. The touching took no more than two seconds and occurred at the 8:50:10 p.m. mark. The rest of the video is unremarkable. Defendant and another officer appear to be speaking with Plaintiff while he gets up from the bunk bed. At 8:50:57 p.m., two officers take Plaintiff by his hands and he is escorted from the cell without incident. (D.E. 25-1). Next, the other inmates are removed from the cell without incident. The first video ends at 8:52:44 p.m.

The second video shows the perspective of a camera from the correctional officers' work or observation area during the same time as the first video. It appears to be a control center for correctional officers with windows through which they can see inside several cells. This video does not show a useful perspective of what happened inside the cell, but it does show other officers in the area at the time of the incident and that Plaintiff and the other inmates were peacefully removed from the cell. (D.E. 25-2).

In this instance, the undersigned relies on the video evidence submitted by Officer Cox as part of the screening process. At the screening stage, the undersigned has never previously relied on video evidence and does not weigh the evidence or make credibility determinations. However, in this instance, Plaintiff's claims are so clearly contradicted by the video evidence that the undersigned finds his claims should be dismissed because they are clearly baseless, fanciful, fantastic, or delusional. *Denton*, 504 U.S. at 32-33. The undersigned further finds Plaintiff's claims are frivolous and malicious and should be dismissed without further delay or proceedings pursuant to 28 U.S.C. § 1915(e)(2).

### B.     Qualified Immunity

Plaintiff raises the issue of qualified immunity his Motion for Summary Judgment. As discussed above, while the undersigned finds that a summary judgment motion at this stage of the proceedings is premature, the Fifth Circuit has provided clear guidance that once raised, the district courts should resolve qualified immunity at the earliest stages of the proceedings. *Carswell,* 54 F.4th at 310.

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known.'" *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). Government officials are given "breathing room to make reasonable but mistaken judgments" and "all but the plainly incompetent or those who knowingly violate the law" are protected. *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (citations omitted). Qualified immunity "represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019); *Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) (Courts "must think twice before denying qualified immunity.")

Because Plaintiff's claims are clearly baseless, Officer Cox should be afforded the privileges of qualified immunity. While Defendant's motion raising qualified immunity is styled as a motion for summary judgment, the undersigned finds it more appropriate to apply the standard for a motion to dismiss because no discovery has been conducted. When deciding a motion to dismiss based on the defense of qualified immunity, the Court must first determine whether the plaintiff has alleged a violation of constitutional or statutory rights. The Court next considers "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of then clearly established law." *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998) (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993)).

In the instant case, because Plaintiff's allegations are clearly baseless, fanciful, fantastic, or delusional, the undersigned finds Plaintiff has failed to allege facts that would lead to an inference that the defendant is liable or that Plaintiff would overcome the defense of qualified immunity. There simply was no violation of any Plaintiff's rights. Defendant Cox should be afforded the privileges and benefits of qualified immunity.

### C.     Grievance Process

Plaintiff's claims against Corporal Urea, Corporal Cooper, the ADC Mail Room, and Chief Armando Chapa all relate to Plaintiff's claims these Defendants did not properly process, forward, or respond to Plaintiff's grievances about Officer Cox.  Plaintiff's allegations point to his dissatisfaction with how his grievances against Officer Cox were handled.

Plaintiff's allegations fail to state a cognizable constitutional claim.  *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, the undersigned respectfully recommends dismissing with prejudice Plaintiff's claims against Defendants Corporal Urea, Corporal Cooper, the ADC Mail Room, and Chief Armando Chapa because Plaintiff does not have a constitutionally protected interest in the jail grievance process.

### D.     Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings *of pro se* litigants liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based

on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration, despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has liberally construed Plaintiff's complaint and *Spears* hearing testimony in an effort to give his claims fair and meaningful consideration. The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time complying with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

Therefore, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## V.  RECOMMENDATION

For purposes of screening, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because all of his claims are frivolous and/or fail to state a claim on which relief may be granted. The undersigned recommends further the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Respectfully submitted on February 27, 2023.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).